# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| STEPHANIE DIMASI, | * |
| | *    No. 15-1455V |
|              Petitioner, | *    Special Master Christian J. Moran |
| | * |
| v. | *    Filed: July 13, 2020 |
| | * |
| SECRETARY OF HEALTH | *    Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * |
| | * |
|              Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

Howard S. Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner;
Claudia B. Gangi, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 12, 2020, petitioner Stephanie Dimasi moved for final attorneys' fees and costs. She is awarded **$48,108.49**.

\*    \*    \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On December 2, 2015, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza vaccine she received, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer small fiber neuropathy and postural orthostatic tachycardia syndrome. Following the submission of expert reports, the parties agreed that the record was complete. On November 5, 2018, petitioner requested a ruling on the record. Following briefing from the parties, the undersigned issued his decision denying compensation on November 7, 2019. 2020 WL 6878732 (Fed. Cl. Spec. Mstr. Nov. 11, 2019).

On March 12, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $37,635.50 and attorneys' costs of $12,111.99 for a total request of $49,747.49. Fees App. at 2. Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation. Id. at 1. On March 26, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*   *   *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim and finds that petitioners' claim has a reasonable basis throughout the entire case. Respondent also has not challenged the reasonable basis of the claim. A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).

Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her attorney, Mr. Howard Gold: $340.00 per hour for work performed in 2013, $350.00 per hour for work performed in 2014, $360.00 per hour for work performed in 2015, $370.00 per hour for work performed in 2016, $380.00 per hour for work performed in 2017, $390.00 per hour for work performed in 2018, and $400.00 per hour for work performed in 2019. Fees App. at 5-6. These rates are consistent with what Mr. Gold has previously been awarded for his Vaccine Program work and the undersigned finds them to be reasonable here as well. See Ruppenthal v. Sec'y of Health & Human Servs., No. 13-183V, 2019 WL 3933852, at *2 (Fed. Cl. Spec. Mstr. Jul. 29, 2019). However, the requested hourly rate for paralegal work prior to 2018 exceeds what has previously been awarded to Mr. Gold's firm. Id. at *2 (awarding $125.00 per hour for paralegal work prior to 2018 and $135.00 per hour thereafter). Because 13.9 hours of paralegal work prior to 2018 were billed at $135.00 per hour, the undersigned shall reduce the final award of attorneys' fees by $139.00.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See

Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most of the hours billed hours to be reasonable. The exception concerns the submission of the motion for ruling on the record. As discussed in the November 7, 2019 decision, petitioner's first submission largely failed to comply with the October 4, 2018 order discussing the expected content for the briefs regarding entitlement. Thus, petitioner requested (and received) a second opportunity. Furthermore, in petitioner's July 7, 2019 amended order for a ruling on the record, petitioner did not discuss petitioner's medical history before 2012, a history that was critical to finding that her small fiber neuropathy existed before the vaccination. For these reasons, petitioner's attorney's fees is reduced by $1,500. Accordingly, petitioner is entitled to a final award of attorneys' fees of $35,996.50.

### C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $12,111.99 in costs, comprised of acquiring medical records, the Court's filing fee, and work performed by petitioner's expert, Dr. Marcel Kinsbourne in preparing two expert reports. Fees App. at 11. These costs are typical of Vaccine Program litigation and petitioner has provided adequate documentation to support them. Respondent has not identified any of the costs as objectionable, and the undersigned finds them to be reasonable. Accordingly, petitioner is entitled to a final award of costs in the amount of $5,931.26.

### E.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$48,108.49** (representing $35,996.50 in attorneys' fees and $12,111.99 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Gold Law Firm, LLC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.