# In the United States Court of Federal Claims

No. 15-1455V
(Filed: April 4, 2022)
*Reissued on: April 19, 2022

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **STEPHANIE DIMASI,** | ) |
| *Petitioner,* | ) |
| v. | ) |
| **SECRETARY OF HEALTH AND HUMAN SERVICES,** | ) |
| *Respondent.* | ) |

*Stephanie V. DiMasi, pro se* petitioner.

*Claudia B. Gangi*, Senior Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for respondent.

**OPINION AND ORDER**

**BONILLA, Judge.**

Petitioner Stephanie V. DiMasi filed a petition under the National Childhood Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (2012), seeking compensation for injuries she allegedly sustained following an influenza vaccine administered on December 4, 2012. The Special Master issued a decision denying entitlement on November 7, 2019. Judgment was entered on December 11, 2019, after petitioner did not file a motion for review. Petitioner subsequently moved for relief from judgment pursuant to Rule 60(b) of the Rules of the United States Court of Federal Claims (RCFC), arguing that her former counsel abandoned her and caused petitioner to miss the filing deadline. The Special Master denied the motion on November 10, 2021.

Pursuant to Rule 36 of the Vaccine Rules of the Court of Federal Claims (Vaccine Rules), RCFC App. B., petitioner now seeks this Court's review of the Special Master's denial of her motion for relief from judgment. Because petitioner failed to timely seek review of the Special Master's November 7, 2019 entitlement decision, the sole issue properly before this Court is whether the Special Master abused his discretion in denying petitioner's motions to reopen and for reconsideration on November 10, 2021. For the reasons set forth below, the Court concludes that the Special Master did not. Accordingly, petitioner's motion for review is denied.

## BACKGROUND

The petition in this case was filed on December 2, 2015, by petitioner's former attorney, Howard S. Gold. Petitioner alleged that she suffered injuries following an influenza vaccine administered on December 4, 2012, and that the vaccine was the causation-in-fact of her injuries. On November 7, 2019, the Special Master issued a decision denying entitlement. *DiMasi v. Sec'y of Health & Hum. Servs.*, No. 15-1455V, 2019 WL 6878732 (Fed. Cl. Spec. Mstr. Nov. 7, 2019). The Special Master found that petitioner's pre-December 4, 2012 medical records documenting symptoms related to her claimed vaccine-induced medical condition, coupled with petitioner's decision to forego a significant aggravation claim, barred her claim for compensation. *Id.* at *5. A motion for review was not filed and, in accordance with Vaccine Rule 11(a), judgment was entered on December 11, 2019.[1]

On September 15, 2020 – nine months after the entry of judgment on petitioner's entitlement claim – petitioner moved to proceed *pro se* and to reopen her case. In support of her requests for relief, petitioner asserted that her former counsel abandoned her and failed to timely file a motion for review of the Special Master's November 7, 2019 entitlement decision. The Special Master granted petitioner's motion to substitute counsel and proceed *pro se* on September 22, 2020. Thereafter, on June 3, 2021, after initially deferring his ruling on the motion to reopen to request additional information, including from petitioner's former counsel, the Special Master denied the petitioner's request for relief. On June 25, 2021, in response to petitioner's motion for reconsideration, the Special Master vacated the June 3, 2021 order, and again requested supplemental briefing.

On November 10, 2021, the Special Master issued a final decision denying petitioner's motion for reconsideration.[2] *DiMasi v. Sec'y of Health & Hum. Servs.*, No. 15-1455V, slip op. (Fed. Cl. Spec. Mstr. Nov. 10, 2021). In addressing petitioner's attorney abandonment claim, the Special Master found that petitioner "has not shown that her attorney's work was deficient, let alone so poor that a miscarriage of justice occurred." *Id.* at 2. Turning first to petitioner's pre-vaccination medical history, the Special Master explained that his independent review of the medical records, expert reports, and medical literature – not counsel's representations – dictated the critical factual findings underlying the entitlement decision (*i.e.*, pre-vaccination

---

[1] In an order dated July 13, 2020, the Special Master granted petitioner's motion for attorney's fees and costs in the aggregate amount of $48,108.49, payable to the Gold Law Firm LLC. *DiMasi v. Sec'y of Health & Hum. Servs.*, No. 15-1455V, 2020 WL 4581287 (Fed. Cl. Spec. Mstr. July 13, 2020). The following day, on July 14, 2020, counsel for petitioner and respondent filed a joint notice not to seek review of the attorney's fees order and judgment was immediately entered in the court-ordered amount.

[2] The Special Master's November 10, 2021 order also denied petitioner's motion for leave to file additional materials (*i.e.*, approximately 150 pages of proposed exhibits). *DiMasi*, slip op. at 5-13. Notably, in denying petitioner's motion, the Special Master inventoried and reviewed the tendered documents. *Id.* The Special Master ultimately determined: "The proposed exhibits (medical records and medical literature) are neither material nor newly discovered" and, in fact, "many of these medical records, as acknowledged by [petitioner], are already in the record." *Id.* at 13. In light of the Special Master's thoughtful review and consideration of the documents in issue, petitioner's motion is effectively moot. Accordingly, this Court need not address whether the Special Master abused his discretion in disallowing the petitioner to formally file the additional materials.

symptoms related to the claimed vaccine-caused medical condition). *Id.* at 15-17. The Special Master then addressed petitioner's former counsel's decisions to request a ruling on the record, forego a significant aggravation claim, and not file a motion for reconsideration or review of the November 7, 2019 entitlement decision. *Id.* at 18-22. In each instance, the Special Master found that petitioner's former counsel's decisions were intentional, tactical, and based upon the facts presented and the attorney's efforts to meet his ethical obligations to his client and the Court. *Id.* In turn, the Special Master determined that petitioner "did not diligently act to preserve her rights." *Id.* at 22. Accordingly, the Special Master denied petitioner's request for extraordinary relief.

On December 10, 2021, petitioner filed a timely motion for review of the Special Master's November 10, 2021 order. 42 U.S.C. § 300aa-12(e); RCFC App. B at Rule 36(b)(6).

## ANALYSIS

A. <u>Standard of Review</u>

As recently iterated by this Court:

> In evaluating a special master's decision, the assigned judge may set aside the ruling only if it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. When reviewing a legal determination, no deference is afforded to the special master's decision, which the court reviews *de novo*; in reviewing a special master's factual determinations, the court may only set them aside if they are arbitrary and capricious. The court reviews a special master's discretionary rulings under an abuse-of-discretion standard.
>
> In the Rule 60(b) context, the grant or denial of a motion for relief from judgment is discretionary, and the standard of review on a motion to review therefore is whether the trial court abused its discretion. An abuse of discretion exists when the trial court's decision is clearly unreasonable, arbitrary or fanciful, or is based on clearly erroneous findings of fact or erroneous conclusions of law.

*M.D. (by Dilascio) v. Sec'y of Health & Hum. Servs.*, 153 Fed. Cl. 544, 558 (2021) (cleaned up).

B. <u>Attorney Abandonment</u>

Relief from judgment under RCFC 60(b) is reserved for "extraordinary circumstances." *Perry v. United States*, 558 Fed. Appx. 1004, 1006 (Fed. Cir. 2014) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (additional citations omitted)). In addressing allegations of attorney misconduct, more specifically, courts generally have held that attorney negligence – even conceded "gross negligence" – does not merit relief. *G.G.M. (through Mora) v. Sec'y of Health & Hum. Servs.*, 122 Fed. Cl. 199, 204-09 (2015). An attorney's discharge of their duties must be "so egregious" to leave the unmistakable impression upon the court "that counsel had effectively abandoned and/or affirmatively misled their clients." *See id.* at 205.

3

On the record presented, there is no basis to overturn the Special Master's finding that petitioner failed to demonstrate attorney abandonment in denying petitioner's request for relief from judgment. In examining the attorney-client relationship in issue, the Special Master took the extraordinary step of soliciting an affidavit from petitioner's former counsel as well targeted communications between petitioner and her former counsel. Despite describing the attorney-client relationship as "difficult," and noting that "[counsel's] lack of communication with his client is arguably problematic" and "unfortunate at times," the Special Master "d[id] not consider the circumstances to be exceptional." *DiMasi*, slip op. at 25-26.

As outlined above, in addressing petitioner's arguments related to her former counsel's presentation of her pre-vaccination medical history, the Special Master made clear that his factual findings related to petitioner's pre-vaccine symptoms were based upon *his* independent review of the medical records, expert reports, and medical literature. *Id.* at 15-17. In reviewing the record, this Court is particularly troubled by petitioner's admission that she doctored her medical records to remove references to the symptoms she reportedly developed immediately after the administration of the December 4, 2012 vaccine. *See id.* at 17 (quoting ECF 103 (DiMasi Statement ¶ 4)). Regardless of petitioner's motive, it was inappropriate and underscores the Special Master's finding that the vaccine was not the causation-in-fact of her symptoms. Further, petitioner's pre-vaccine symptoms were documented in petitioner's medical records prior to December 2012. Put simply, the Special Master's factual findings on this issue are neither arbitrary nor capricious.

Turning to the Special Master's assessment of counsel's tactical decision to request a ruling on the record despite petitioner's request to testify, the record presented belies any claim of attorney abandonment. On this issue, counsel's sworn affidavit is most telling:

9. Relying on the Special Masters [sic] opinion that Petitioner appears to have waived any privilege that may exist, I can state that it was not possible to have Petitioner testify on issues of onset and medical history in a manner consistent with my obligations to the client **and** as an officer of this Court. (emphasis added).

10. Without attributing any negative intent, Petitioner's comments regarding her pre-existing medical history and post-vaccine onset became inconsistent as the case met resistance from the Sec[retar]y of HHS.

ECF No. 100 (Gold Aff. at ¶¶ 9-10) (emphasis in original), *quoted in part in DiMasi*, slip op. at 18. As the Special Master explained, an attorney's calculated decision not to seek an entitlement hearing does not constitute attorney abandonment under the exacting standard required by RCFC 60(b). *DiMasi*, slip op. at 18 (citing *M.D. (by Dilascio)*, 153 Fed. Cl. at 559-60 (counsel's decision to waive entitlement hearing, although "an unusual strategy," did not constitute attorney abandonment) (additional citations omitted)).

A similar analysis and result must be reached with regard to the Special Master's evaluation of petitioner's argument that her former attorney should have pursued a significant aggravation claim in the alternative to her causation-in-fact claim. As explained by counsel under penalty of perjury, and adopted by the Special Master, "[petitioner's] mitigation and/or denial of pre-existing symptoms negated the ethical and practical possibility of filing a significant aggravation claim." ECF 100 (Gold Aff. ¶ 22), *quoted in DiMasi*, slip op. at 20. Like counsel's affirmative litigation decision to waive an entitlement hearing, the Special Master found that the pleading decision made by petitioner's former counsel was intentional, tactical, and based upon the realities of the situation presented and the attorney's efforts to meet his ethical obligations to his client and the Court.

Lastly, as aptly described by the Special Master: "[t]he final and most troublesome issue concerns the lack of communication and lack of an appeal or motion for reconsideration following the November 7, 2019 [entitlement] decision." *DiMasi*, slip op. at 20. More specifically, the conflicting assertions by petitioner and her former counsel regarding whether counsel informed his client that he would *not* file a motion for review and, relatedly, whether petitioner was made aware of the 30-day filing deadline under Vaccine Rule 23. In assessing the weight of the evidence supporting petitioner's and her former counsel's version of events, the Special Master reviewed the petitioner's statement, her former counsel's affidavit (and attached call log), and the requested email correspondence between petitioner and her former counsel "discussing filing an appeal or a motion for review." *See DiMasi*, slip op. at 4, 20-22.

The Special Master found:

> Ms. DiMasi was on notice of Mr. Gold's position against filing a motion for review on November 11, 2019. Ms. DiMasi should have been aware after November 11, 2019, that Mr. Gold would not be pursuing an appeal absent a change in circumstances. Given the available communication, it seems unlikely that Ms. DiMasi could reasonably expect Mr. Gold to take actions toward filing a motion for review without an affirmative communication from him.

*DiMasi*, slip op. at 22. As for the 30-day filing deadline, petitioner is adamant that this information was not disclosed; a claim not rebutted by her former counsel. *Compare* ECF 103 (DiMasi Statement ¶ 2) ("No deadlines were mentioned at any point in our conversations.") *with* ECF 100 (Gold Aff. ¶ 8) ("I have no present recollection of whether I informed Petitioner verbally of any deadline to file said appeal in 2019. No writings from my office to Petitioner stating this deadline were found."). After reviewing the record presented, the Court concludes that the Special Master's evaluation of the evidence presented was not arbitrary or capricious.

Characterizing the issue as "a close call," the Special Master nevertheless concluded that, on balance, there was insufficient evidence to establish a meritorious claim of attorney abandonment and, further, that petitioner "did not diligently act to preserve her rights." *DiMasi*, slip op. at 22; *e.g., M.D. (by Dilascio)*, 153 Fed. Cl. at 562-63 (failure to file notice of review does not merit RCFC 60(b) relief for attorney abandonment). In support of the lack of diligence finding, the Special Master cited: petitioner's single (unsuccessful) attempt to contact her

attorney after he informed her of his unwillingness to seek further review and before the filing deadline; petitioner's failure to confirm that her counsel reconsidered his position and would undertake the continued representation; and petitioner's failure "to consult the Vaccine Rules to determine the deadline for the motion for review." *Id.*; *see Sneed v. McDonald*, 819 F.3d 1347, 1354 (Fed. Cir. 2016) ("Where the attorney has not undertaken the representation, reasonable diligence requires that the client check with the attorney before the statutory filing time is about to run out to confirm that the attorney will undertake the representation.").

To be clear, it would have been preferable had counsel sent petitioner a formal letter memorializing his position that a motion for review lacked merit and would not be filed, and further informing (or reminding) petitioner of the upcoming filing deadline should she consider retaining other counsel or proceeding *pro se*. That said, such conduct is neither required nor the standard for establishing an attorney abandonment claim for RCFC 60(b) relief. At bottom, the Special Master did not abuse his discretion in denying petitioner's requests to reopen and reconsider the November 7, 2019 entitlement decision.

## CONCLUSION

For the reasons stated above, the Court finds that the Special Master's denial of relief from judgment was not an abuse of discretion. Accordingly, the petition for review is **DENIED** and the November 10, 2021, decision of the Special Master denying petitioner's motion for relief from judgment is **SUSTAINED**.

**IT IS SO ORDERED**.

/s/Armando O. Bonilla
Armando O. Bonilla
Judge